Argued and submitted December 11, 1992, reversed and remanded
November 17, 1993

Richard L. PEONE,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(2-0601-CML766; CA A73529)

863 P2d 500

James F. Young argued the cause for petitioner. With him
on the brief was Oregon Legal Services Corp.

Harrison Latto, Assistant Attorney General, argued the
cause for respondent. On the brief were Charles S. Crook-
ham, Attorney General, Virginia L. Linder, Solicitor General,
and Diane S. Lefkow, Assistant Attorney General.

Before Rossman, Presiding Judge, and De Muniz and
Leeson,* Judges.

De MUNIZ, J.

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Petitioner seeks review of an order of the Adult and Family Services Division (AFSD). He argues that the hearing officer erroneously interpreted a federal statute and regulations for the Aid to Families with Dependent Children (AFDC) program in allowing AFSD to recover an overpayment from an AFDC grant. He also argues that AFSD erroneously determined that there was an overpayment and denied him procedural due process by failing to provide him with adequate notice and an opportunity to contest the determination that there was an overpayment.

In September, 1985, Moran was receiving an AFDC grant for herself and her three children. In October, 1985, petitioner, the unemployed father of the three children, moved and established a residence in the apartment next door to Moran. Moran permitted him to baby-sit the children no more than 1/3 of the time each month. Petitioner was never allowed in Moran's apartment and only baby-sat the children when Moran wished. On one occasion, petitioner provided Moran with $50 for the children.

In December, 1985, petitioner complained to AFSD about Moran continuing to receive an AFDC grant. AFSD inquired of petitioner whether he was "functioning as a parent," and he responded that he was. AFSD closed the grant effective December 31, 1985, because Moran could not receive AFDC while petitioner lived on contiguous property. Moran then terminated petitioner's contact with the children and moved with them to another location. AFSD reopened the grant effective January 7, 1986. AFSD assessed the grant with an overpayment of $1,446 for AFDC payments received while petitioner lived next door. AFSD sent Moran a notice about the overpayment on January 8, 1986, which she received, and reduced the February, 1986, AFDC grant by $33.80. Moran never requested a hearing regarding the overpayment or the reduction in the grant.

In February, 1986, two of the children were killed in an accident. The third child, Renee, was then sent to live with petitioner. On February 28, 1986, AFSD closed the grant for Moran and the children. AFSD opened an AFDC grant for petitioner and Renee effective March 1, 1986, and assessed

the overpayment against that grant. Petitioner and Renee have intermittently received AFDC grants in varying amounts since then. Petitioner received several notices concerning a deduction for the overpayment. However, those notices did not provide a reason for the deduction. Then, on June 13, 1991, AFSD sent petitioner a notice that stated:

"You have been paid $1,446 more than you should have been. The reason for this overpayment is [Moran] did not report that you had moved into adjacent property to hers. Manual policy states that in situations such as these, there is no basis of deprevation [*sic*] for your children. The overpayment period is October through December 1985. The current balance on this overpayment is $1,286.06 * * *. The overpayment follows Rene [*sic*]."

Petitioner requested a hearing on June 17, 1991.

After a hearing, the hearing officer concluded that he lacked jurisdiction to set aside the overpayment determination, because Moran received the January 8, 1986, notice about the overpayment determination, did not request a hearing, and the time to contest that determination had expired. The hearing officer also concluded that AFSD had properly assessed the overpayment against the grant for petitioner and Renee. However, he found that AFSD had erred when it reduced the grant without providing adequate notice. Accordingly, the hearing officer remanded the case and ordered AFSD to reimburse petitioner for the deductions taken before June, 1991, when adequate notice was finally provided.

AFDC is a joint federal-state program that provides financial assistance and other services to needy, dependent children and the parents or relatives with whom they live. 42 USC § 601. AFSD administers the program in Oregon. ORS 418.100. AFSD must follow federal statutes and regulations for the AFDC program. *King v. Smith*, 392 US 309, 88 S Ct 2128, 20 L Ed 2d 1118 (1968). AFSD is required to promptly correct an overpayment.[1] 42 USC § 602(a)(22). In addition, the federal regulations for the AFDC program require that a

_____

[1] 45 CFR § 233.20(a)(13)(i) provides:

"Overpayment means a financial assistance payment received by or for an assistance unit for the payment month which exceeds the amount for which that unit was eligible."

grant recipient receive a timely and adequate notice explaining, *inter alia*, the reasons for a reduction in an AFDC grant and the right to a hearing.[2]

Petitioner argues that AFSD denied him procedural due process and an opportunity to contest the overpayment determination when it failed to give him notice. However, we need not consider petitioner's due process argument, because the federal regulations for the AFDC program provide petitioner with the relief he requests. AFSD argues that the overpayment is not a recoupment from petitioner personally, but a recoupment from an "assistance unit of which a member [Renee] of the overpaid assistance unit has subsequently become a member."[3] AFSD asserts that, because Renee and the other members of the overpaid assistance unit received notice, did not request a hearing, and are only entitled to one opportunity to request a hearing, petitioner cannot now request a hearing to contest the merits of the overpayment on Renee's behalf.

However, the notice to the overpaid assistance unit and that unit's failure to request a hearing does not prevent petitioner from requesting a hearing. Petitioner could request a hearing on the overpayment determination, because the January 8, 1986, notice to the overpaid assistance unit made up of Moran and the three children did not provide

---

[2] 45 CFR § 205.10(a)(4) provides:

"In cases of intended action to discontinue, terminate, suspend or reduce assistance * * *

"(i) The State or local agency shall give timely and adequate notice * * *. Under this requirement:

"(A) *Timely* means that the notice is mailed at least 10 days before the date of action * * *;

"(B) *Adequate* means a written notice that includes a statement of what action the agency intends to take, the reasons for the intended agency action, the specific regulations supporting such action, explanation of the individual's right to request an evidentiary hearing (if provided) and a State agency hearing * * *." (Emphasis in original.)

Under 45 CFR § 205.10(a)(5), a state AFDC program shall provide for a system of hearings under which:

"An opportunity for a hearing shall be granted * * * to any recipient who is aggrieved by any agency action resulting in suspension, reduction, discontinuance, or termination of assistance * * *."

[3] The federal regulations direct states to recover overpayments from an "assistance unit." *See* 45 CFR §§ 233.20(a)(13)(i)(A) and (B).

his assistance unit with notice. The January 8, 1986, notice could not have provided timely and adequate notice to the assistance unit of petitioner and Renee, as required by 45 CFR § 205.10(a), because that assistance unit did not exist then. AFSD did not provide that assistance unit with adequate notice of the overpayment determination and an opportunity to contest that determination until the June 13, 1991, notice. Petitioner made a timely request for a hearing after receiving that notice, and, thus, the hearing officer had jurisdiction to consider the merits of the overpayment determination.[4]

Reversed and remanded.

---

[4] AFSD concedes that, if the hearing officer had jurisdiction to consider the merits of the overpayment, petitioner should prevail.